IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *BRIDGETTE S. JACKSON*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *TURNER ACCEPTANCE CORP.*, | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff Bridgette Jackson, by her counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1) The Fair Credit Reporting Act and the Fair Debt Collection Practices Act provide that, when creditors and debt collectors report consumer information to consumer reporting agencies, creditors and debt collectors must also report any consumer disputes of that information. In the case at bar, Defendant Turner Acceptance Corp. reported its purported information about Bridgette Jackson to consumer reporting agencies, but Defendant failed to report that Ms. Jackson disputed that purported information. Thus, Defendant Turner Acceptance Corp. violated the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

### Jurisdiction and Venue.

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this case because the case counts arise under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because the Eastern Division is where a substantial part of the events or omissions giving rise to this case occurred.

**Parties.**

3) Plaintiff Bridgette Jackson is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c) and in 15 U.S.C. § 1692a(3), and Ms. Jackson resides within the Eastern Division.

4) Defendant Turner Acceptance Corp. is a "person" as that term is defined in the Fair Credit Reporting Act, at 15 U.S.C. § 1681a(b) (the "term 'person' means any individual, partnership, corporation").

5) Defendant Turner Acceptance Corp. is also a "debt collector" as that term is defined in the Fair Debt Collection Practices Act, at 15 U.S.C. § 1692a(6) (the "term 'debt collector' means ... any business the principal purpose of which is the collection of any debt").

6) Defendant Turner Acceptance Corp. is additionally a Corporation incorporated in the State of Illinois and headquartered in the Eastern Division.

**Factual Allegations.**

7) Defendant Turner Acceptance is reporting to consumer reporting agencies that Ms. Jackson has an account ("Account number 250114XX"). More specifically, Defendant Turner is reporting, *inter alia*, account delinquencies, an account "Status" of "Charge-off," and a current account balance of $10,946.

8) Ms. Jackson has disputed the accuracy of Defendant Turner's reported information with consumer reporting agencies; and, upon information and belief, the consumer reporting agencies have forwarded Ms. Jackson's disputes to Defendant and Defendant has received these disputes.

9) Although Defendant Turner is aware that Ms. Jackson disputes Defendant's reported information, upon information and belief, Defendant made the decision to continue reporting the disputed information without any notation of the dispute.

10) Because Defendant Turner failed to report to a credit reporting agency that the debt is

disputed, the plaintiff suffered a real risk of financial harm caused by an inaccurate credit rating.

## Causes of Action.

### Count One – Fair Credit Reporting Act.

11) The Fair Credit Reporting Act, at 15 U.S.C. § 1681s-2(b)(1)(D), states that, "[a]fter receiving notice [ ] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall[, ] if the investigation finds that the information is incomplete or inaccurate, report those results." Hence, "[i]f a consumer disputes the accuracy of credit information, the FCRA requires furnishers to report that fact when reporting the disputed information." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009). Further, "after receiving notice of dispute, a furnisher's decision to continue reporting a disputed debt <u>without any notation of the dispute presents a cognizable claim</u> under § 1681s-2(b)." *Id.*, citing *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008) (emphasis added).

12) Defendant Turner willfully violated 15 U.S.C. § 681s-2(b)(1)(D) by making the decision to continue reporting the disputed debt without any notation of Ms. Jackson's dispute.

### Count Two – Fair Debt Collection Practices Act.

13) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e(8), prohibits debt collectors from "fail[ing] to communicate that a disputed debt is disputed." "Despite receiving [disputes], [Defendant] still reported plaintiff['s] debts to credit reporting agencies without noting that the debt amounts were disputed. This is a clear violation of the statute." *Evans v. Portfolio*, 889 F.3d 337, 346 (7th Cir. 2018).

14) Defendant Turner violated 15 U.S.C. § 1692e(8) by reporting plaintiff's debt to credit reporting agencies without noting that the debt was disputed.

**Prayer for Relief.**

WHEREFORE, Bridgette Jackson prays that this Court holds a trial by jury and enters judgment in her favor (and against Defendant Turner Acceptance Corp.) for her actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a) and 15 U.S.C. § 1692k.

        Respectfully submitted,
        Plaintiff's, Bridgette Jackson's, Counsel
        North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*    .
        Paúl Camarena, Esq.
        500 So. Clinton, No. 132
        Chicago, IL 60607
        paulcamarena@paulcamarena.com
        (312) 493-7494